378 So.2d 941 (1979)
STATE of Louisiana
v.
Kenneth J. GODEAUX.
No. 65059.
Supreme Court of Louisiana.
December 13, 1979.
Rehearing Denied January 28, 1980.
*942 James Miguez and Carl A. Leckband, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., George V. Perez, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant Kenneth J. Godeaux was charged by bill of information with a violation of R.S. 14:95.1, possession of a firearm by a convicted felon. After a bench trial defendant was found guilty as charged and was sentenced to three years at hard labor. On this appeal of his conviction and sentence, defendant relies upon five assignments of error, which for the reasons expressed hereinafter we find to be without merit.[1]
At approximately 4:30 a. m. on November 18, 1978 a police officer responded to a complaint at the Wizard Fas-Store in Westlake, Louisiana. When the officer arrived at the scene, he was met by the store manager who informed him that someone was slumped over the wheel of a truck parked in front of the store in the parking lot. The officer approached the vehicle and observed defendant lying over the steering wheel of the truck. After several attempts, the officer succeeded in waking defendant and ordered him out of the vehicle. The officer questioned the defendant for a few minutes then arrested him for disturbing the peace by being intoxicated in a public place.
After defendant was handcuffed and placed in the police car, he asked the officer what would happen to the truck. The officer replied that in accordance with standard police procedure the vehicle would be towed away. Defendant then requested that the officer retrieve his gun from the vehicle so that nothing would happen to it. The officer complied with defendant's request and found a .44 caliber pistol on the front seat of the truck beneath a light jacket. It was later discovered that defendant had previously been convicted of aggravated burglary; a bill of information was then filed charging defendant with the instant offense.

ASSIGNMENT OF ERROR NO. 1
By this assignment defendant contends that a trial court ruling at the preliminary *943 hearing prior to trial was erroneous. That ruling came in response to a contention that there was no probable cause for defendant's arrest for disturbing the peace. In support defendant argued then, as now in brief, that the state had presented no evidence at that hearing that defendant was acting in a boisterous or violent manner at the time of his arrest.
This assignment lacks merit for two reasons. First, the issue of whether there was probable cause to arrest defendant for disturbing the peace was really irrelevant to the preliminary hearing held on the charge that defendant, a convicted felon, was in possession of a firearm. Furthermore, after a defendant is tried and convicted, errors alleged to have occurred at the preliminary examination are moot. State v. Walker, 344 So.2d 990 (La.1977).

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in admitting as part of the res gestae statements of the defendant made at the time he was arrested for disturbing the peace. He contends that the statement about the gun in the vehicle was not a circumstance of the arrest and was not incident to the alleged criminal act.
Although defendant contends that the trial court admitted defendant's statements as part of the res gestae, the record designated for appeal reflects that defense counsel's only objection to the admission of the statement was on the basis that it was not "voluntary" (See Assignment No. 3). The only ruling of the trial court on the admissibility of the statement was that the statement was in fact voluntary. Because defendant failed to object to the admission of this statement on any basis other than voluntariness and because we can not find on the record before us that the trial court ruled on its admissibility on any other ground, this assignment has no merit. Furthermore, admissions and confessions are admissible as exceptions to the hearsay rule; res gestae is therefore irrelevant.

ASSIGNMENT OF ERROR NO. 3
In this assignment defendant contends that the trial court erred in admitting defendant's oral inculpatory statement that the gun was in the truck. Defendant argues that the statement was not voluntary because defendant was intoxicated.
Prior to the admission into evidence of a confession, the state carries the burden to prove that it was given freely and voluntarily and not obtained under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. R.S. 15:451. The fact that the defendant was intoxicated does not itself render an inculpatory statement inadmissible. In State v. Rankin, 357 So.2d 803 (La.1978) we restated the standard by which we determined the free and voluntary nature of a defendant's statement challenged on the ground that the defendant was intoxicated at the time. There we held that "a confession will be rendered inadmissible only when the intoxication is of such a degree as to negate defendant's comprehension and to render him unconscious of the consequences of what he is saying. Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence, [citations omitted]."
In the instant case the arresting officer, Raymond Weatherly, testified that the defendant, although "kind of groggy" and unsteady on his feet, understood the questions asked of him and seemed aware of his responses. When officer asked defendant if he was on any type of medication, defendant responded that he was not. When asked for some identification, defendant removed his wallet from his pocket and tendered his driver's license. More importantly Officer Weatherly testified that after he read defendant his Miranda rights then asked if he understood them, defendant responded that he did.
*944 We can not from the evidence adduced at trial find that defendant was so intoxicated that he was unaware of what he was saying or that his statement was involuntary. The statement was not made in response to police questioning but was an unsolicited request by defendant for the officer to remove defendant's gun from the vehicle. Under these circumstances we can not find that the trial court erred in finding that defendant's statement was voluntary.

ASSIGNMENT OF ERROR NO. 4
Defendant in this assignment contends that the gun retrieved from the truck was improperly introduced into evidence because of the state's failure to establish a sufficient chain of custody. Defendant argues that because several individuals in the Westlake police department had access to the weapon and because the state failed to produce any witness who had custody of it, the weapon should not have been introduced into evidence.
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized by the officer. State v. Guzman, 362 So.2d 744 (La.1978).
In the present case Officer Weatherly testified that before he placed the seized weapon in the gun cabinet at the Westlake police station, he recorded its serial number. The gun was then taken to defendant's probation officer who signed a receipt for the weapon. During trial, Officer Weatherly identified the weapon as the one seized from the truck by comparing its serial number with the number he recorded on the police report before he locked the gun in the police station's gun cabinet. We find that the identification of the gun along with the chain of custody presented at trial was sufficient to establish that it was more probable than not that this was the same gun seized by the officer at the time of defendant's arrest. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment, defendant claims that the verdict was contrary to the law and the evidence in that defendant was intoxicated to the extent that he was incapable of forming the requisite criminal intent to possess a firearm.
While criminal intent may be specific or general, in the absence of qualifying statutory provisions, the terms intent and intentional in Title 14 of the Revised Statutes have reference to general criminal intent. R.S. 14:10; R.S. 14:11. Specific intent is not required by R.S. 14:95.1 which provides in relevant part:
"It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon."
This Court has long recognized that voluntary intoxication can not excuse the commission of a crime and can only serve as a defense to a crime which requires specific intent if the intoxication precluded the capacity to form that intent. State v. Burge, 362 So.2d 1371 (La.1978). In State v. Scott, *945 344 So.2d 1002, 1006 (La.1977) we held that "to the extent that a person is incapable of distinguishing between right and wrong solely due to an overly intoxicated condition, without some additional proof of mental disorder, the legislature intended to prevent such drunkenness from becoming a defense to a general intent crime." Because intoxication can not serve as a defense to a crime requiring only general criminal intent, such as a violation of R.S. 14:95.1, this assignment of error lacks merit.

Decree
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.
[1] Defendant in brief and oral argument raised for the first time the contention that defendant's oral inculpatory statement and the weapon seized at the time of his arrest should have been suppressed because defendant's initial arrest for disturbing the peace was unlawful. Because those issues were not raised in the trial court and have not been properly preserved for appeal, we need not decide an arguably close issue: Whether defendant, asleep and slumped over the wheel of his truck, was legally arrested for disturbing the peace after the police were summoned by the proprietor of a store on whose private parking lot the truck was parked.