GAUDIN, Judge.
John E. Macaluso was tried before a six-person jury in the 29th Judicial District Court and found guilty of three counts of aggravated assault. He was sentenced to six months in the parish prison on each count, to run concurrently, and ordered to pay a fine of $500.00 and court costs. We affirm.
An assault, LSA-R.S. 14:36, is an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. An aggravated assault (14:37) is an assault committed with a dangerous weapon.
Macaluso was convicted of assaulting, with a nine millimeter Baretta pistol, his former girlfriend, Sheri Tarto, her father, Joseph Tarto, and Sheri’s date that evening, Don Lindsay.
On appeal, Macaluso assigns four errors, all related to the introduction of the Baret-ta pistol into evidence. Appellant contends the trial judge erred (1) in allowing the contents of two envelopes (the pistol and its cartridges) to be shown to the jury prior to their admission into evidence, (2) by permitting the pistol and cartridges to be introduced as evidence in the absence of an *376 unbroken chain of custody, (3) in refusing to allow a witness, deputy Edward Ducos, to read to the jury the name of the person who signed the evidence into custody of the Clerk of Court and (4) by letting Ducos identify the pistol as belonging to Macaluso and having been found in appellant’s truck.
On the night in question, Macaluso was driving in his vehicle when he saw Sheri and Lindsay, in Lindsay’s car, stopped for a red light at the intersection of Causeway Boulevard and West Napoleon Avenue in Metairie. Macaluso got out of his truck and walked to Lindsay’s vehicle where he instructed Lindsay to drive to the side of the roadway so he could speak with Sheri. Instead, Lindsay drove off, leaving Macalu-so standing in the street.
Appellant followed Lindsay and Sheri to a restaurant, where another confrontation occurred. When the restaurant’s owner threatened to call police, Macaluso left.
Macaluso testified that he then “... went out by the lakefront, went to a show, I bought two fifths of V.O., which were not opened ... drove around for a while ... went to the Pitt Grill, had coffee ...” At approximately 4:45 a.m., he was parked in his truck near Sheri’s residence waiting for her and Lindsay.
When Sheri and Lindsay arrived, there was another confrontation. Sheri said Ma-caluso pointed his pistol at her and Lindsay and that she ran screaming into her house to summon her father. Lindsay testified that Macaluso pointed the pistol at his face; while Joseph Tarto, when he went outside, said that Macaluso pointed the gun at him. Both Lindsay and Tarto, each said, were unarmed.
A scuffle ensued, during which Macaluso was struck and kicked by Lindsay and Tar-to and left lying in the street. When police arrived at the scene, Ducos recovered the pistol from the front seat of Macaluso’s truck.
Ducos testified at the trial that the pistol, which he identified as Macaluso’s, had been found “... on (the) floorboard ... close toward the front seat...” of Macaluso’s truck.
Sheri could only say that Macaluso had “a black gun,” while Lindsay stated, after looking at the pistol in the courtroom, that:
“If it’s not (Macaluso’s gun), it’s one that looks like it, just like it.”
Tarto said the pistol in the courtroom looked like the one Macaluso had.
In an initial attempt to have the pistol placed in evidence, the prosecutor called Hilliard Arbourgh, a Clerk of Court employee assigned to the evidence room. Arbourgh said that the gun had been received in the evidence room by another employee who no longer worked for the Clerk of Court. Thus, an unbroken chain of custody could not be shown. Nonetheless, the trial judge allowed Arbourgh to remove the pistol from its envelope. Later, after Ducos made a positive identification, the gun was accepted as evidence.
Macaluso contends, in his brief, that the establishment of a chain of custody is an absolute prerequisite to the introduction of evidence in a criminal proceeding. However, the Supreme Court of Louisiana has held otherwise. In State v. Davis, 411 So.2d 434 (La.1982), the Court stated:
“To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized by the officer. State v. Guz *377 man, 362 So.2d 744 (La.1978). State v. Godeaux, 378 So.2d 941 (La.1980).”
Here, considering all of the testimony, including appellant’s, it was more probable than not that the Baretta pistol was the same one recovered by Ducos from Macaluso’s truck and the one used in the assaults. As in the instant case, the evidence in Davis was positively identified by one police officer; and the testimony of several others made it “more probable than not” that the evidence introduced was related to the incidents at issue.
See also State v. McCabe, 420 So.2d 955 (La.1982), and State v. Williams, 420 So.2d 1116 (La.1982), both of which cited Davis favorably and allowed evidence to be visually identified and introduced although there was no unbroken chain of custody.
Further, we note that any doubt as to identification would go to the weight of the evidence and would not be related to admissibility. See State v. Sam, 412 So.2d 1082 (La.1982), and cases cited therein at page 1086.
We cannot agree with any of Ma-caluso’s assignments of error. The pistol was adequately identified, and the trial judge properly received it as evidence. We find no error in Arbourgh’s opening the envelope with the pistol in it or in the trial judge’s not allowing Ducos to answer a question concerning the name of the person who signed the evidence into the custody of the Clerk of Court, but if these were errors, they were harmless and were not prejudicial.
The jury chose to believe the State’s witnesses and not Macaluso and the other defense witnesses. It is the role of the triers of fact to weigh the respective credi-bilities of the witnesses, and we cannot second-guess the jury’s determinations. See State ex. rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
For these reasons, we affirm Macaluso’s conviction and sentence.
AFFIRMED.