496 So.2d 1132 (1986)
STATE of Louisiana
v.
Carlos R. OBRAN.
No. KA-4395.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1133 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for plaintiff-appellee.
Lawrence J. Boasso, New Orleans, for defendant-appellant.
Before WARD, ARMSTRONG and HUFFT, JJ.
WARD, Judge.
Carlos Obran appeals his conviction for violating La.R.S. 14:95.1 which prohibits convicted felons from possessing firearms. We affirm.
At approximately 5:30 a.m. on April 21, 1984, a patrolling New Orleans Police Department officer observed Obran driving a vehicle on the wrong side of a divided street at a speed in excess of the speed limit. The officer pulled his car off the street to avoid a collision with the errant vehicle, then turned and pursued it until it stopped several blocks away. As the officer approached the stopped car, he observed Obran attempting to conceal an object on the seat beside him with his right hand. The officer told Obran that he was under arrest for reckless operation of his vehicle and ordered him from the car. When Obran stepped out of the car, the officer spotted a gun on the seat. After *1134 placing Obran in the back of the police car, the officer retrieved the gun but did not search Obran's car. The gun had an obliterated serial number; consequently Obran was charged with violating La.R.S. 40:1788, which prohibits removal or any alteration of the identification number of a firearm.
After the arrest, it was learned that Obran had been convicted of simple burglary in 1978. Consequently, he was charged under R.S. 14:95.1 for possession of the firearm. The District Judge denied Obran's motion to suppress. He was tried by the same judge, who convicted him and gave the minimum sentence, three years imprisonment without benefit of probation, parole or suspension of sentence.
On appeal, Obran assigns four errors which he contends require reversal of his conviction.
He first asserts that the District Court erred in denying his motion to suppress all evidence concerning the gun which he alleges was seized in violation of his Fourth Amendment rights. The police had no warrant for the gun, and Obran contends the seizure was not justified under any of the exceptions to the warrant requirement. We disagree.
The public's safety required the arresting officer to remove the gun from Obran's car, thus satisfying the exception to the warrant requirement which was set forth in New York v. Quarles, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). In Quarles, the police questioned an arrestee, who had not been informed of his Miranda rights, regarding the location of a gun which the police believed he had hidden in a grocery store. The gun was found pursuant to the arrestee's direction, and he was charged with illegal possession of the weapon. The Supreme Court held evidence concerning the gun admissible because public safety is, in some circumstances, more important than rigid adherance to procedural safeguards for protection of constitutional rights. We believe this rule applies to the gun on the seat in Obran's car just as it applied to Quarles' gun in the grocery store. The officer who arrested Obran had a duty to the public to remove the gun from a place where it was accessible to any passer-by. And, once he picked up the gun, the officer immediately noticed its obliterated serial numbera violation of La.R.S. 40:1788and then had probable cause to seize the weapon. Additionally, we find that the officer was justified in seizing the gun because he had probable cause to believe Obran was carrying a concealed weapon on his person in violation of La.R.S. 14:95. We therefore hold that the Trial Judge ruled correctly when he denied the motion to suppress, and we reject Obran's first assignment of error.
Obran assigns two errors regarding the admissibility of documentary evidence introduced by the State. He first contends that the District Court erred in admitting into evidence at trial documents of his previous conviction because they were not properly "introduced, verified, or authenticated" by the State's sole witness, the fingerprint expert.
The documents in the record before us include copies of the bill of information, minute entry forms, an acknowledgement and waiver of constitutional rights form and a commitment formall relative to Carlos Obran's plea of guilty and conviction of simple burglary in Jefferson Parish in 1978. Each of the documents bears the certification of the Deputy Clerk of the Twenty-Fourth Judicial District Court that it is a true copy of the original on file in that court. Such certified copies of documents are admissible under the "public documents" exception to the rule against hearsay evidence. State v. Nicholas, 359 So.2d 965 (La.1978). Moreover, a deputy clerk of a district court is the legal custodian of documents filed in that court, La.R.S. 13:910, 914, and a copy of a document which is certified by its legal custodian is equivalent to the original in authenticity. La.R.S. 15:457. The custodian's testimony is not required to establish the fact of official custody because the certification procedure, designed to prevent inconvenience and disruption of public business, would be useless if the official custodian or *1135 a delegate of the official custodian had to be summoned to court each time a certified document is placed in evidence. The cases relied upon by Obran for the rule that documents placed in evidence must be supported by the testimony of a witness who has personal knowledge of the document's origin and chain of custody are inapplicable in this case because they concern documents which were not properly certified by the legal custodians. See, State v. Day, 410 So.2d 741 (La.1982); State v. Nicholas, supra; State v. Tillman, 356 So.2d 1376 (La.1978). Accordingly, we find no merit in Obran's second assignment of error.
Obran next argues that the Trial Court erred in admitting documents into the record without requiring the State to provide notice of its intention to use the documents as requested in pre-trial discovery motions by defense counsel. The documents to which Obran specifically objects are the arrest register and a letter and documents from his previous guilty plea including a signed admission of guilt.
The State is required to notify the defense of its intention to introduce evidence of prior crimes when the evidence will be offered to show system, knowledge or intent. R.S. 15:445, 446; State v. Prieur, 277 So.2d 126 (La.1973). The documents to which Obran objects were not offered to show system, knowledge or intent. They were offered to prove an essential element of the offense: that the defendant was a convicted felon. Thus, the documents are not evidence contemplated by R.S. 15:445 and 446. Moreover, the bill of information specifically referred to the prior conviction upon which the State was relying, and thus, the defense actually was notified that documents relating to that offense would be used.
By means of a Motion for Discovery and a Motion for Bill of Particulars, Obran's counsel had requested information concerning any written statements which the State intended to introduce at trial as well as any evidence of other crimes. The State responded in the negative to all requests.
A defendant may inspect or copy documents in the State's custody if the State intends to use such material as evidence at trial. C.Cr.P. art. 718(2). The State has a continuing duty under C.Cr.P. art. 729.3 to disclose such material when it comes within the State's control or when the State decides to use it as evidence. The Supreme Court has long held that one purpose of discovery rules as set forth by Code of Criminal Procedure is to "afford the defendant a chance to prepare adequately for trial and to eliminate unwarranted prejudice which could arise from surprise testimony." State v. Lingle, 461 So.2d 1046, 1048 (La.1985). Failure by the State to disclose will not automatically require reversal of a conviction; the defendant must prove that he was prejudiced. State v. Arnaud, 412 So.2d 1013 (La.1982). Obran has neither alleged nor shown prejudice.
Moreover, the record shows that Obran's counsel did not object to the introduction of the documents on grounds of the State's noncompliance with discovery requests. We, therefore, reject those grounds as an assigned error because a defendant is limited on appeal to grounds for an objection articulated at trial. C.Cr.P. art. 841; State v. Jackson, 450 So.2d 621, 634 (La.1984).
In his final assignment of error, Obran contends that he was convicted upon insufficient evidence because the State failed to introduce evidence that a weapon was found in his car. He bases his argument on the fact that neither the testimony of the officer who seized the gun nor the gun itself was admitted into evidence at trial.
At the trial, Obran's counsel stated to the Court:
Also, for the record, we're going to stipulate as to the officer's testimony in the Motion to Suppress would be substantially the same as it would be at trial. We stipulate that that transcript could be introduced if the state so desires, instead of the actual testimony of the officer.
The State agreed to the stipulation.
We believe this stipulation disposes of Obran's argument. The arresting *1136 officer stated in the stipulated testimony that he had seized a handgun from Obran's car, and the Trial Judge had no reason to disbelieve this testimony. Additionally, however, we find that the transcript of the hearing on the motion to suppress need not have been admitted in order to establish the testimony because a trial judge may take judicial notice of the record at an earlier proceeding before him in the same case. State v. Valentine, 397 So.2d 1299 (La.1981). Therefore, the evidence upon which Obran was found guilty was sufficient.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.