520 So.2d 789 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
John C. TRAHAN, Defendant-Appellant.
No. CR 86-426.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*790 Steve Gunnell, Cassidy & Gunnell, Jennings, for defendant-appellant.
Wendell Miller, Dist. Atty., Keith Wall, Asst. Dist. Atty., Jennings, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendant, John C. Trahan, pleaded guilty to the crime of sexual battery, a violation of LSA-R.S. 14:43.1. Before defendant was sentenced, the state filed an habitual offender bill under LSA-R.S. 15:529.1. Defendant was sentenced to serve ten (10) years at hard labor for committing the sexual battery. On April 14, 1986, this sentence was vacated and defendant was sentenced to twelve (12) years at hard labor as a habitual offender. Defendant then motioned to withdraw his sentence as invalid because the prior conviction used for enhancement of his sentence had exceeded the five (5) year limitation period prescribed in the habitual offender statute. See LSA-R.S. 15:529.1(C). The trial court then vacated this sentence and reinstated defendant's original ten (10) year sentence. Defendant now appeals this sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends he was unconstitutionally placed in double jeopardy when he was re-sentenced to his original ten (10) year term.
Defendant's contention has no merit. A defendant is protected from being twice placed in jeopardy for the same offense, commonly referred to as double jeopardy, under the United States and Louisiana Constitutions. U.S. Const.Amend. 5 and La. Const. Art. I § 15.
*791 In conformance with these constitutional requirements, La.C.Cr.P. art. 591 provides:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant."
La.C.Cr.P. art. 592 provides in pertinent part:
"When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed." (Emphasis added)
Thus, a defendant who pleads guilty is not "in jeopardy" until a valid sentence is imposed. For defendant, this occurred when he was re-sentenced to his original ten (10) year term. As defendant was not in jeopardy until he was validly sentencedwith the reinstatement of his original ten (10) year termhis contention of double jeopardy has no merit. See Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial court imposed an excessive sentence in violation of La. Const. Art. I § 20 and in violation of La.C.Cr.P. art. 894.1. Defendant was sentenced to serve ten (10) years at hard labor, the maximum prison term for committing sexual battery. Defendant contends that the court should have considered the following "mitigating factors" in determining the proper sentence: 1) defendant's history of alcohol abuse; and 2) that although the offense was serious, it could have been much more serious than it actually was.[1]
A sentence within the statutory limits may still violate a defendant's constitutional right against excessive punishment under the particular circumstances of a case. La. Const. Art. I § 20. State v. Sepulvado, 367 So.2d 762 (La.1979). For a penalty to be considered excessive, it must be the needless imposition of pain and suffering or it must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La. 1985). The sentencing guidelines in Article 894.1 provide appropriate criteria by which an appellate court may measure whether a sentence is constitutionally excessive. State v. Finley, 432 So.2d 243 (La.1983); State v. Richard, 450 So.2d 57 (La.App. 3d Cir.1984). The trial judge is given wide discretion in imposing a sentence, which will not be disturbed absent manifest abuse. State v. Thomas, 447 So.2d 1053 (La.1984).
In his reasons for sentencing, the trial judge articulated several considerations including the severity of the offense, the defendant's lengthy criminal record, defendant's pre-sentence report, and the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. In this instance, defendant, a 38 year old man, committed a sexual battery on an eight (8) year old girl. The victim has suffered and continues to suffer serious psychological problems because of defendant's assault. The pre-sentence report details defendant's lengthy history of criminal activity. It notes that this was defendant's third felony conviction. Defendant's first felony conviction was for a sexual offense committed on a five (5) year old girl. Defendant was also charged with a sexual offense in 1980, but the charges were dropped because the victim was a relative of the defendant. Defendant was undesirably discharged from the Marines for his conviction of assault with intent to commit rape on a female.
The sentencing judge also considered the mitigating factors. Defendant has a wife and three children who would suffer hardship if defendant were incarcerated. However, as the judge stated, this would probably be no more hardship than already imposed on them through defendant's excessive drinking, inability to hold a job and his squandering of money on alcohol. The court felt that there is an undue risk to society that defendant would repeat his criminal activity and the seriousness of the *792 offenses warranted incarceration for the maximum term. Also, the judge felt a lesser sentence would depreciate the seriousness of defendant's offense.
Based on the sentencing judge's reasoning, the maximum penalty of ten (10) years is not excessive nor is it an abuse of his discretion. The sentencing guidelines of La.C.Cr.P. art. 894.1 were properly considered as well. This assignment has no merit.

OTHER ASSIGNMENTS OF ERROR IN DEFENDANT'S SUPPLEMENTAL BRIEF
Defendant, pro se, contends that he was not given credit for time spent in custody while awaiting re-sentencing by the judge. The record of the January 5, 1987 re-sentencing hearing does not reflect that the judge refused to give defendant credit for time already served. La.C.Cr.P. art. 880 requires the court to give a defendant credit towards his sentence for time spent in actual custody prior to the imposition of a sentence. Therefore, defendant is entitled to credit for time served. When the correction of an illegal sentence does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence. State v. Fraser, 484 So.2d 122 (La. 1986). Since the defendant is entitled to credit for time served under Article 880, we amend defendant's sentence to credit defendant for time spent in custody while he awaited re-sentencing.
Defendant also contends that the trial judge and the district attorney are law partners and as such he was convicted by a non-impartial party. Defendant's contention that the sentencing judge and the district attorney are presently law partners is unsupportable. Even if they were law partners at one time, this does not prohibit the district attorney from practicing before the judge in his capacity as a district attorney. La.C.Cr.P. art. 671 outlines the grounds for recusation of a judge and La. C.Cr.P. art. 680 outlines the grounds for recusation of a district attorney. Neither article was violated. Defendant has failed to show any of the listed grounds for recusation of either party.
For the above and foregoing reasons, the conviction of defendant is affirmed; defendant's ten (10) year sentence is affirmed; defendant is to be credited for time served while awaiting sentencing under La. C.Cr.P. art. 880.
AFFIRMED.
NOTES
[1] Defendant does not explain what he means when he says that the offense could have been much more serious than it was. Further, he does not explain how this is a mitigating factor.