561 So.2d 184 (1990)
STATE of Louisiana
v.
Edward C. HAYES.
No. 89-KA-769.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1990.
*185 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Edward C. Hayes was charged with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. The defendant waived his right to a jury and the trial proceeded before the judge and he was found guilty. He was sentenced to serve three years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. The judge further imposed a $1,000 fine and ordered the defendant to pay court costs. From that conviction and sentence the defendant has appealed and urged four assignments of error.

FACTS
The basic facts indicate the two police officers were investigating a report of suspicious activity by two men at a convenience store in Metairie. They observed two male suspects and a maroon automobile in the parking lot. The defendant was in the pay phone booth in front of the store. The officers observed the defendant remove something from his pocket and place it next to the phone. The objects were live rounds of .357 caliber and .38 caliber ammunition. A computer search revealed the defendant had a previous conviction on felony drug charges. Upon looking into the window of the automobile, the police officer spotted a pistol on the floorboard near the driver's side. The pistol was a .357 magnum revolver and contained some live rounds.
At trial, Hayes testified that he had borrowed the vehicle from a friend and was unaware that the pistol was in the automobile. Hayes denied taking anything out of his pocket while at the telephone. He claimed that he and a fellow worker stopped at the convenience store to place a *186 telephone call to a friend about a pest extermination spraying job Hayes was supposed to perform that night. The owner of the maroon automobile testified on behalf of the defense that the .357 magnum pistol was his and that he inadvertently left it in the vehicle when Hayes borrowed the car earlier that day. The vehicle owner stated that he obtained the pistol only a couple of days before this incident when he loaned a friend $30.00 and took the pistol as security for repayment of that loan.
ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends that the trial court committed reversible error by admitting into evidence a copy of the bill of information charging Hayes with previous felony offenses because the copy of the bill was not properly authenticated. According to the defendant, the authentication of the copy of the bill of information is deficient because the top half of the copy is taped to the bottom half, and only the top half of the copy bears the certification of the clerk of court.
The exhibit here challenged by the defendant is a bill of information filed in Orleans Parish, charging Hayes with three counts of felony drug possession. According to the exhibit, these charges were filed against the defendant in 1985. The length of the bill of information form used in that case was longer than usual because of the three counts alleged against Hayes. It was therefore necessary to make photo copies of the top and bottom halves of the bill and then tape those halves together. Inspection of the photocopy clearly indicates that all three criminal counts alleged therein were against the defendant, Edward C. Hayes. The exhibit bears the dated certification of the Deputy Clerk for the Orleans Parish Criminal District Court that the photocopy is a true copy of the original. Therefore, this certified copy of the bill of information was subject to self-authentication and was properly admitted into evidence. L.C.E. art. 904; State v. Obran, 496 So.2d 1132 (La.App. 4th Cir.1986).
Even assuming that the copy of the bill of information was not properly authenticated, its admission into evidence constituted harmless error. La.C.Cr.P. art. 921. The bill of information challenged by the defendant reflects that Hayes was previously charged with three felony drug offenses. The fact that the defendant was actually convicted of three previous felony drug offenses was established at trial through the introduction and admission into evidence of the Orleans Parish Criminal District Court docket sheet for case No. 305-737 which clearly reflects the defendant's convictions. The photocopy of that docket sheet, as a copy of a public record, is self-authenticating under L.C.E. art. 904. That copy of the docket sheet was properly certified as a true copy of the original, and was therefore properly admitted into evidence at trial. State v. Obran, supra. Even ignoring the documentary evidence relating to the prior felony conviction, the existence of the defendant's previous conviction on felony drug charges was clearly established through the testimony of Hayes himself, who admitted the previous felony conviction while under cross-examination at trial. Thus, assuming that the trial judge erred in admitting the copy of the Orleans Parish bill of information, that error was harmless. La.C.Cr.P. art. 921.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
The defendant here challenges the authentication procedure used to introduce a trial exhibit into evidence. Hayes contends that the .357 magnum pistol introduced as evidence at trial by the state was improperly admitted into evidence by the trial court without adequate authentication.
L.C.E. art. 901 A provides that: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." At trial, the state offered the .357 magnum pistol into evidence as the firearm seized from the defendant on the night of his arrest. The policeman identified the pistol as the one he discovered in the defendant's vehicle. Patrolman Simmons testified at *187 trial that he was able to identify the pistol because the identification number for the firearm was recorded in the incident report he prepared and filed in conjunction with Hayes' arrest. Nevertheless, Hayes argues that the pistol was not properly authenticated prior to its admission into evidence because a chain of custody for the firearm was not established.
Contrary to the defendant's contention in this error assignment, it is not essential to establish a chain of custody to properly authenticate demonstrative trial evidence, such as the .357 magnum pistol at issue. State v. Godeaux, 378 So.2d 941, 944 (La.1979). See also State v. Davis, 411 So.2d 434, 438 (La.1982) and State v. Macaluso, 473 So.2d 375, 376-377 (La.App. 5th Cir.1985).
The policeman's in-court identification of the .357 magnum as the pistol he seized at the time of the defendant's arrest sufficiently authenticated the weapon as admissible evidence. The trial court's admission of the pistol into evidence was therefore proper. L.C.E. art. 901 A, State v. Godeaux, supra.
This assignment of error lacks merits.
ASSIGNMENT OF ERROR NUMBER THREE
Citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the defendant urges this court to overturn his conviction in this case, due to what the defendant argues was insufficient evidence.
The due process standards announced in Jackson, supra, apply in evaluating the sufficiency of evidence to support a conviction in a criminal proceeding. Under Jackson, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. LSA-R.S. 14:95.1 makes it a crime for an individual convicted previously of a felony under the Uniform Controlled Dangerous Substances Law to possess a firearm.
The jurisprudence has recognized that the crime of possession of a firearm by a convicted felon has three elements:
1) status of the defendant as a convicted felon;
2) physical and/or constructive possession by the defendant; and,
3) the instrumentality possessed was a firearm.
State v. Mose, 412 So.2d 584 (La.1982), State v. Williams, 470 So.2d 356 (La.App. 5th Cir.1985).
The evidence presented at trial by the state was sufficient to support the defendant's conviction. It was established that in 1985 Hayes was convicted of felony drug charges in Orleans Parish. At the time of the defendant's arrest on September 27, 1988, the policeman discovered a .357 magnum pistol on the driver's side of a vehicle which Hayes himself drove into the convenience store parking lot where he was arrested. Constructive possession of a firearm, as an element of this crime, can be established through evidence reflecting that the weapon was subject to the defendant's dominion and control. State v. Bailey, 511 So.2d 1248, 1250 (La.App. 2nd Cir. 1987) writ denied, 519 So.2d 132 (La.1988). The evidence presented in this case demonstrates that Hayes exercised sufficient dominion and control over the .357 magnum pistol to constitute constructive possession of the weapon, particularly taking into account that he was carrying live ammunition for that weapon when the officers arrived to investigate the incident. Considering the foregoing evidence, the defendant's conviction for possession of a firearm by a convicted felon was amply supported by the evidence presented at trial. Jackson, supra, State v. Williams, supra.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
The defendant has asked us to review the record for errors patent, which we have done, and find none.
*188 Accordingly, for the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.