573 So.2d 585 (1991)
STATE of Louisiana, Appellee,
v.
Terrance Keith HUNT, Appellant.
No. 22175-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*586 Hunter, Scott, Blue, Johnson & Ross by Robert C. Johnson, for appellant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., L. Douglas Lawrence, Asst. Dist. Atty., for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Chief Judge.
We amend and correct an illegal sentence in this appeal which is a sequel to State v. Hunt, 568 So.2d 1104 (La.App. 2d Cir.1990). There we affirmed Hunt's convictions for three drug offenses committed in 1988 and his consecutive hard labor sentences of 10, 10 and 20 years.
After those sentences were imposed, Hunt was adjudicated and sentenced as a second felony offender under LRS 15:529.1. This adjudication was based on his 1981 conviction for cultivation of marijuana and on one of the above mentioned 1988 convictions, possession of marijuana with intent to distribute.
Hunt now challenges the sufficiency and competency of the evidence of his habitual offender status, contending that he was not advised of his right against self-incrimination when he pleaded guilty to the 1981 offense and that some of the State's exhibits at the habitual offender hearing were not properly certified or authenticated. He also argues the 10-year enhancement of *587 the original 10-year sentence for the 1988 marijuana offense is excessive.[1]
We find no merit in Hunt's assignments, but note, on our own motion, and correct an error in the manner in which the trial court imposed the enhanced sentence.
The court, perhaps overlooking the statutory requirement directing it to vacate the original 10-year sentence for the 1988 marijuana offense and to impose a single enhanced sentence for that offense, sentenced Hunt to "an additional 10 years at hard labor consecutive." This results in Hunt's receiving four sentences for the three 1988 offenses.
Under § 529.1 D, a trial court is required to "vacate the previous sentence if already imposed" when the enhanced sentence is thereafter imposed for the substantive offense. The statute simply does not authorize separate sentences for the substantive offense and the habitual offender adjudication. This adjudication is not, under the statute, a conviction of a separate crime. State v. White, 354 So.2d 1360 (La.1978); State v. Walker, 416 So.2d 534 (La.1982).
The trial court's imposition of an additional 10-year sentence without vacating the original 10-year sentence is thus illegal. Because the court obviously intended to increase the substantive sentence from 10 to 20 years, and the correction of the illegal sentence does not involve the exercise of sentencing discretion, we amend to correct, without remanding for resentencing. CCrP Art. 882; State v. Fraser, 484 So.2d 122 (La.1986); State v. Trahan, 520 So.2d 789 (La.App. 3d Cir. 1987), writ denied.
In all other respects, we affirm.

SUFFICIENCY AND COMPETENCY OF EVIDENCE
At the habitual offender hearing, two deputy sheriffs who had separately arrested Hunt on the 1981 and 1988 marijuana charges identified him as the person they had arrested. Another deputy, a fingerprint expert, testified that the fingerprints on the 1981 bill of information against Hunt matched those taken by the deputy from Hunt in the parish jail on June 5, 1989, the day his trial began on the 1988 drug charges. The State introduced, without objection, the 1989 fingerprint card, a certified copy of the 1981 bill of information containing Hunt's fingerprints, and certified copies of the court minutes reflecting Hunt's 1981 conviction and 1982 sentencing for cultivation of marijuana.
Other exhibits, admitted over Hunt's objections and complained of here, are the transcript of Hunt's 1981 guilty plea, a certified copy of the penitentiary packet showing the date of Hunt's discharge from custody for the 1981 offense as January 13, 1984, less than five years before the 1988 drug offenses were committed, and certified copies of the 1988 bill of information and the 1989 judgment sentencing Hunt for the 1988 offenses.
Hunt claimed his 1981 guilty plea was defective and could not be used for sentencing enhancement because he was not advised that he had the right to remain silent at the Boykin examination itself. He does not dispute that he was advised of his right to remain silent at trial when he entered the guilty plea. Boykin requires nothing more.
In order to effectively waive the constitutional right against self-incrimination, a defendant who pleads guilty must be advised of his right to remain silent at trial. A defendant does not have to be advised that he has a right "to stand mute and refuse to enter a plea of any nature at the Boykin examination." State v. Richard, 550 So.2d 300 (La.App. 2d Cir.1989); *588 State v. White, 517 So.2d 461 (La.App. 1st Cir.1987), writ denied.
Hunt relies on State v. Robicheaux, 412 So.2d 1313 (La.1982) and State v. Martin, 382 So.2d 933 (La.1980), overruled in part on other grounds in State v. Williams, 392 So.2d 448 (La.1980). These cases do not avail Hunt, as they involved the failure to advise of the right to remain silent at trial. Hunt was advised of that right.
On appeal, Hunt argues for the first time that the guilty plea transcript was not properly certified or authenticated. His failure to object to the transcript on this basis in the trial court precludes our review of this contention. CCrP Art. 841; State v. Lozier, 375 So.2d 1333 (La.1979).
Hunt also contends the trial court erred in overruling his objections to the admissibility of certified copies of three documents: the penitentiary packet from the Louisiana Department of Public Safety and Corrections, the 1988 bill of information, and the 1989 judgment sentencing Hunt for the 1988 offenses. He contends these exhibits "were not properly certified by the custodian or other person authorized to make the certification [under LRS 15:529.1 F and that] there was no testimony or evidence, live or otherwise that ... the exhibits were copies of the originals as they existed in the office or custody of their respective custodians."
The penitentiary packet was certified as a "true and correct [copy] of the records of the Louisiana Department of Public Safety and Corrections regarding Terrance Keith Hunt" by the "Records Custodian for the Louisiana Department of Public Safety and Corrections, Correction Services." The bill of information and the judgment were certified as true copies by a deputy clerk of the district court.
Section 529.1 F provides that certain documents "shall be prima facie evidence of the imprisonment and of the discharge" of the person charged as a habitual offender. These documents include
The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state ... or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary ...
This statute provides one method of proving prior convictions, but does not preclude proof by other competent evidence. State v. Blackwell, 377 So.2d 110 (La.1979).
A copy of a penitentiary packet certified by the officer with legal custody of the documents has been held to comply with § 529.1 F. State v. Lozier, supra; State v. Lambert, 475 So.2d 791 (La.App. 3d Cir. 1985), writ denied.
The certified copy of Hunt's penitentiary packet was also admissible without extrinsic evidence of authenticity under C.E.Arts. 902(2)(b) and 904. Art. 902(2)(b) defines as self-authenticating the original of "A purported record ... or other document of the State of Louisiana, or of a department ... thereof, ... certified ... by an officer or employee who identifies his official position and who ... has custody of the document..." Art. 904 provides that when the original of a public document is self-authenticating under Art. 902, a copy "certified as true or correct by the custodian" is also self-authenticating.
The certified copy of Hunt's penitentiary packet was admissible, competent evidence under § 529.1 F and the Code of Evidence.
The copies of the bill of information and judgment, certified as true copies of the originals by the deputy clerk of the district court, were also self-authenticating under C.E.Arts. 902(1) (domestic public documents under seal) and 904, as well as under the prior evidence law. See and compare State v. Rowell, 306 So.2d 668 (La.1975); State v. Obran, 496 So.2d 1132 (La.App. 4th Cir.1986); and State v. Hayes, 561 So.2d 184 (La.App. 5th Cir.1990).
*589 The State proved Hunt's habitual offender status by competent evidence which is legally sufficient to support the habitual offender adjudication. See and compare State v. Milton, 469 So.2d 309 (La.App. 2d Cir.1985), writ denied.

EXCESSIVENESS OF SENTENCE
Hunt's conviction of possession of marijuana with intent to distribute exposed him to 5-30 years without enhancement and to 10-60 years with enhancement. LRS 40:966 B(2); 15:529.1 A(1), before its 1989 amendment. In Hunt's prior appeal, we affirmed the original 10-year sentence he received for the marijuana offense, and his consecutive sentences of 10 years for possession of methamphetamine and amphetamine with intent to distribute and 20 years for distribution of methamphetamine to a person under age 18, as well as a concurrent 10-year sentence for possession of a firearm by a convicted felon, to which Hunt pleaded guilty shortly after his conviction by a jury of the drug offenses. State v. Hunt, supra.
In this appeal of the enhanced 20-year sentence for the marijuana offense, Hunt again contends the "three sentences ... are unjustified and are grossly out of proportion to the severity of the offenses that he was convicted of ... [and that] the trial court failed to adequately comply with ... CCrP Art. 894.1 ..." He makes essentially the same arguments he made in his appeal of the original sentences. In this appeal, we limit our review to the enhanced sentence he received for the marijuana offense.
In Hunt's prior appeal, we noted his age (41 in 1988), his extensive criminal record (18 arrests between 1965 and 1988), including the prior Louisiana felony conviction and a 1976 felony conviction in Texas for aggravated assault with serious bodily injury, and his lengthy involvement with illegal drugs. Hunt's first drug arrest, for possession of marijuana, was in 1975. After his release from prison on the 1981 conviction for cultivation of marijuana, Hunt sold marijuana and began "cooking, packaging and distributing" methamphetamine, notwithstanding his inheritance of about $60,000 in cash and a house from his mother. When he pleaded guilty to the 1981 marijuana offense, other charges of attempted murder of a police officer and resisting arrest were nolle prossed. From these incidents and the fact that Hunt kept an "arsenal of weapons and ammo" at his house, where he made and sold drugs, we found that he showed "a dangerous willingness to resort to firepower in defense of his [drug] `business.'" 568 So.2d at 1110.
When the trial court imposed the enhanced sentence, it reiterated the aggravating factors of Hunt's age, criminal history, and seriousness of his conduct in introducing drugs into the community. The court again mentioned in mitigation that Hunt had attended college and was honorably discharged from the Air Force.
The court adequately articulated the factual basis for the sentence under Art. 894.1. We cannot find, as Hunt argues, that the court gave too much weight to the aggravating factors and too little weight to the mitigating factors. A 20-year enhanced sentence for the marijuana offense is one-third of the maximum enhanced sentence Hunt faced. The sentence, neither needless or purposeless, is particularized to the offender and to the offense and does not shock our conscience.

DECREE
We affirm Hunt's adjudication as a second felony offender under LRS 15:529.1. We amend his sentence for possession of marijuana with intent to distribute, hereby substituting one 20-year hard labor sentence for the two 10-year sentences the trial court attempted to impose.
As amended, the 20-year hard labor sentence is
AFFIRMED.
NOTES
[1] After Hunt's adjudication and before his sentencing as a habitual offender, he filed in proper person, in this court, a "Notice of Appeal of Habitual Offender, La. 15:529.1," asserting five "grounds for this appeal and review." After Hunt was sentenced under § 529.1, his counsel moved for an appeal, raising the assignments of error we now review, which include some but not all of the complaints in Hunt's "Notice of Appeal." Hunt did not file the "Notice of Appeal" or supplemental assignments of error in the trial court. Under these circumstances, we review only the assignments that were filed in the trial court. CCrP Arts. 844, 920; State v. Woods, 444 So.2d 1332 (La.App. 2d Cir.1984).