JjLOLLEY, J.
A jury found Rufus James Hampton guilty of armed robbery, conspiracy to commit armed robbery and aggravated second degree battery. The trial court imposed consecutive sentences of 50 years for the armed robbery, 25 years for the conspiracy and 15 years on the battery charge. We affirmed the convictions and sentences in State v. Hampton, 38,017 (La.App.2d Cir.01/28/04), 865 So.2d 284.
After Hampton was convicted and sentenced, the state filed a second felony offender bill of information which alleged that on January 21, 2003, Hampton had been convicted of both armed robbery in docket number 65,855 and aggravated second degree battery in docket number 65,-856. The bill alleged a prior conviction for simple robbery in October 1993. No objection was made to the form of the bill of information.
At the hearing on the habitual offender bill, the state announced it was seeking enhancement of the sentence imposed in case number 65,855 which is the 50-year armed robbery sentence. The state presented proof that led the trial court to adjudge Hampton to be a second felony offender. The trial court then said it would “increase the sentence to the sum of 150 years.” It is this sentence that Hampton now appeals.
Hampton’s appeal counsel raises two assignments of error on his behalf. First, it is argued that the multiple offender sentence is null and void, because the trial court failed to vacate the prior sentence before imposing an enhanced habitual offender sentence. Second, it is argued that the sentence is indeterminate because the trial court did not indicate which of the two sentences (armed robbery or aggravated second degree battery) was being enhanced. We find no merit in these [¡¡.assignments, but we correct an error in the manner in which the trial court imposed the enhanced sentence.
Addressing Hampton’s second assignment first, the record is abundantly clear that the state, the trial court and Hampton’s trial counsel were aware that it was only the sentence for the armed robbery which was being enhanced. The state specifically referred to the offense by docket number and repeatedly said it was seeking enhancement of the armed robbery sentence. Hampton’s trial attorney and the trial court specifically referred to the enhanced sentencing range of up to 198 years, which is only possible in this case under La. R.S. 15:529.1A(l)(a) on a second felony offender for a conviction for armed robbery. Obviously, all parties involved at the trial were aware which sen *716 tence was being enhanced;' thus the claim that the sentence is indeterminate is without merit.
As to Hampton’s first assignment of error, under La. R.S. 15:529.10(3), a trial court is required to “vacate the previous sentence if already imposed” when the enhanced sentence is thereafter imposed for the substantive offense.[1] The trial court’s act of “increasing” the sentence to 150 years without vacating the original 50-year sentence is thus, technically, illegal. However, a complete review of the proceedings makes obvious that the trial court intended to replace the original'armed robbery sentence with an enhanced sentence of 150 years.
An appellate court may correct an illegal sentence at any time. La. C. Cr. P. art. 882; also see State v. Hunt, 573 So.2d 585 (La.App. 2d Cir.1991), where we corrected a similar error concerning a trial court’s failure to vacate a prior sentence before imposing an enhanced habitual offender sentence. Here, correction of this 1 .^‘illegality” does not involve the exercise of the trial court’s sentencing discretion. Therefore, we amend to correct the sen-' tence, without remanding for re-sentencing.
Hampton has also filed a pro se supplemental brief, wherein he argues merely that this court should consider a claim that the sentence is excessive. Hampton’s trial defense counsel failed; to move for reconsideration of sentence.
When, as here, a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. Constitutional review turns upon, whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
However, the jurisprudence also holds that a mere statement of an assignment of error in a brief does not constitute briefing of the assignment, and, therefore, the assignment is deemed abandoned. State v. Toney, 26,711 (La.App.2d Cir.03/01/95), 651 So.2d 387; State v. Williams, 632 So.2d 351 (La.App. 1st Cir.1993), writ denied, 94-1009 (La.09/02/94), 643 So.2d 139. Hampton has not made any argument to demonstrate that -the 150-year sentence is excessive. Thus, his assignment concerning excessive sentence is abandoned.
Even if we were to examine the sentence for constitutional excessiyeness we would find no error. The sentence imposed is within the statutory limit and substantially less thaii could have been imposed on this repeat offender. The trial court had the benefit of a pre-sentence investigation report and was aware of Hampton’s background and the facts of the case. Further, the trial court found no | ¿mitigation to warrant a lesser sentence. Considering the severity of the beating inflicted upon the victim, as well as Hampton’s history, the sentence imposed is not grossly disproportionate to the severity of the offense nor is it shocking to the corn science. On the showing made, the sentence imposed is not constitutionally excessive.
Finally, our review of the record shows that at sentencing the trial court failed to advise Hampton of the time delays in *717 which to seek post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicato-ry language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.09/05/95), 660 So.2d 1189. The trial court should have advised Hampton, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.
So considering, we affirm Hampton’s adjudication as a second felony offender. We vacate his 50-year sentence for armed robbery, hereby substituting for it one 150-year hard labor sentence to be served without benefits.[2]
As amended, the sentence is
AFFIRMED.

. Under that same statute, "either party may seek review of an adverse ruling.” Thus, the state's argument in brief that these issues were not properly preserved by a motion for reconsideration- of sentence is without merit.

. As noted in our original opinion in this matter, the trial court had failed to state that the sentence was to be served without benefits, but it would be so served by automatic operation of La. R.S. 15:301.1.