463 So.2d 1003 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
John A. SMITH, Defendant-Appellant.
No. CR84-246.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied April 12, 1985.
*1004 David L. Kimball, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Gernine Mailhes, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Defendant, John A. Smith, was charged by a bill of information with distribution of a controlled dangerous substance, namely, Pentazocine, in violation of LSA-R.S. 40:967 A(1). Defendant entered a plea of not guilty, and was tried before a twelve member jury. He was found guilty by an 11-1 vote. On January 24, 1984, the court sentenced the defendant to serve four (4) years imprisonment without benefit of probation or parole. Defendant appeals, urging five (5) assignments of error. We affirm.

FACTS
On May 12, 1983, at approximately 5:30 p.m., Deputy John Arceneaux, an undercover agent for the Narcotics Division of the Calcasieu Parish Sheriff's Office, met with his investigating officer, Deputy Larry Miller, who gave him $100 in narcotics money and told him to try and make some narcotics buys in the North Lake Charles area. During that night, Deputy Arceneaux made three buys. One of these buys involved a purchase from the defendant of a set of pills, known in street language as "T's and Blue's." One of these pills contained Pentazocine, a controlled dangerous substance under Louisiana law. LSA-R.S. 40:964 Schedule II D.(2). Deputy Arceneaux paid the defendant $20 out of the $100 narcotics money he was given. Deputy *1005 Arceneaux then turned the pills over to Deputy Miller.
Defendant was later charged, tried and convicted. Defendant presents five (5) assignments of error for our consideration on appeal.

ASSIGNMENT # 1: FAILURE TO BRIEF ON APPEAL
The defendant contends that the trial court erred when it denied the defendant's motion for a mistrial based upon improper statements made by the Assistant District Attorney during the opening statement. The defendant did not address this assignment of error in his brief. Assignments of error which have not been briefed are deemed abandoned and not considered by us on appeal. State v. Dewey, 408 So.2d 1255, 1256 n. 1, (La.1982); State v. Crawford, 441 So.2d 813, 814 n. 1, (La.App. 3rd Cir.1983).

ASSIGNMENT # 2: EVIDENCE AND THE CHAIN OF CUSTODY
The defendant contends that the trial court erred in allowing the state to introduce into evidence two pills allegedly sold by the defendant, claiming that a proper chain of custody had not been established.
The Louisiana Supreme Court in State v. Godeaux, 378 So.2d 941 (La.1980), in examining the requirements set forth for the admissibility of demonstrative evidence, stated:
"To admit demonstrative evidence at trial the law requires that the object be identified. The identification can be visual, that is by testimony at trial that the object is related to the case. It can also be identified by chain of custody, that is by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized by the officer. State v. Guzman, 362 So.2d 744 (La.1978)."
378 So.2d at 944. See also State v. Davis, 411 So.2d 434, 438 (La.1982).
In the present case, the state established a proper chain of custody of the evidence. Deputy John Patrick Arceneaux testified that on May 12, 1983, he purchased two pills from the defendant. One of these pills was Pentazocine, which is listed as a controlled dangerous substance. LSA-R.S. 40:964 Schedule II D.(2). Arceneaux then turned this evidence over to his superior officer, Detective Larry Miller. Miller in turn gave this evidence to Sandra Dailey Havens, Evidence Custodian for the Calcasieu Parish Sheriff's Department, who put a number and her initials (36581 S.D.) on it. The evidence was then checked out by Francis Touchet, a drug analyst for the Southwest Louisiana Crime Lab, on May 27, 1983, and returned on June 7, 1983. The evidence was checked out again by Mr. Touchet on the morning of the trial for use at the trial.
Defendant argues that the chain is incomplete because Mr. Touchet claims he checked out the evidence on May 16, 1983, but in actuality he did not check it out until May 27, 1983. However, the record indicates that Mr. Touchet did not remember the exact date it was checked out from Deputy Havens to himself. This insignificant detail does not appear to break the continuous chain of custody of the evidence as presented by the Sheriff's office.
In following Davis, it appears to be more probable than not that the object introduced into evidence was the same object seized by Agent Arceneaux from the defendant. Furthermore, any defect in the chain of custody goes to the weight of the evidence, rather than its admissibility. State v. Taylor, 422 So.2d 109, 115 (La. 1982). Consequently, the envelope containing the pills was properly admitted into evidence. This assignment of error is without merit.

*1006 ASSIGNMENTS #3 AND 4: ACQUITTAL AND NEW TRIAL
The defendant contends that the trial court erred in denying his motion for a new trial and motion for a post verdict judgment of acquittal in that the evidence was insufficient to sustain the defendant's conviction.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt proof of the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La.1984).
In the present case, the defendant was convicted of the crime of distribution of a controlled dangerous substance classified in Schedule II of LSA-R.S. 40:964, namely, Pentazocine. This is a violation of LSA-R.S. 40:967 A(1), which states in part:
"A. Manufacture; distribution.
Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;"
During the trial, Deputy Arceneaux of the Calcasieu Parish Sheriff's Department testified that on May 12, 1983, he was working as an undercover agent for the Narcotics Division. About 5:40 in the afternoon on May 13, 1983, Deputy Larry Miller, who first searched him, then gave him $100 in narcotics money and informed him that he wanted him to work in the North Lake Charles area. During that night, Agent Arceneaux had made three narcotics buys. One of these buys involved a purchase from the defendant of a set of pills, known in street language as "T's and Blue's." One of these pills contained Pentazocine, a controlled dangerous substance under Louisiana law. LSA-R.S. 40:964 Schedule II D.(2). According to the testimony of Deputy Arceneaux, at approximately 11:30 in the evening of May 12, 1983, he met the defendant outside the Am-Vet Club on Enterprise Boulevard. The defendant had just come out of the Am-Vet, and upon seeing Deputy Arceneaux asked him if he was just standing there or if he needed something. Deputy Arceneaux asked him what he had in mind. The defendant replied that he had some "sets" (Pentazocine) and he knew where he could get some marijuana. Deputy Arceneaux then testified that he purchased one set of "T's and Blue's" which consists of one pill containing an antihistamine and one pill containing Pentazocine, a controlled dangerous substance. The meeting between the defendant and Deputy Arceneaux lasted approximately 40 minutes while the two men rode around in Arceneaux's car. During this meeting, Deputy Arceneaux paid the defendant $20 out of the $100 narcotics money he was given. Deputy Arceneaux recalled that the defendant was wearing a beigish-white colored suit and a straw cowboy hat. After Deputy Arceneaux returned the defendant to Enterprise Boulevard, he called Deputy Miller, his investigating officer, from a pay phone and asked Miller to meet him. Deputy Arceneaux then turned the pills over to Deputy Miller.
Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant sold Deputy Arceneaux a set of pills which contain Pentazocine and therefore committed the crime of distribution of a controlled dangerous substance. This assignment of error is without merit.

ASSIGNMENT #5: EXCESSIVE SENTENCE
Defendant finally contends that the trial court's imposition of the mandatory and minimum four (4) year sentence is excessive in this instance. LSA-R.S. 40:967 provides that an offender under the statute shall receive a sentence of not less than *1007 four (4) years, nor more than ten (10) years without benefit of parole, probation, or suspension of sentence. Additionally, the trial judge may impose a fine of not more than fifteen thousand (15,000) dollars.
The record shows that defendant is fifty years old and has no prior criminal record. He was convicted of selling one "set," that is, two pills.
Defendant contends that the mandatory minimum sentencing requirement under LSA-R.S. 40:967 B, which denies the trial court's discretion to impose a sentence with benefit of parole, probation or suspension of sentence, is unconstitutional and in violation of LSA-Const. Art. I, sec. 20 (1974). We disagree.
The Louisiana Legislature has determined that distribution of Pentazocine presents a high potential of danger to society. Deterrence may only be accomplished by stringent and adequate penalties for offenders. The Supreme Court in State v. Bonanno, 384 So.2d 355, 358 (La.1980) stated with regard to the penal provision for distribution of cocaine:
"We are not here to determine whether the Legislature acted wisely in that respect or not, only whether it acted constitutionally. We can not say that a penalty range from five to thirty years for distribution of cocaine is so disproportionate to the crime as to shock our sense of justice. Therefore, we do not find the penalty range of the statute to be unconstitutionally excessive per se."
In this instance, we do not find that the penalty range from four (4) to ten (10) years for distribution of Pentazocine is so disproportionate to the crime as to shock our sense of justice. Moreover, the Supreme Court in State v. Brown, 322 So.2d 211, 221 (La.1975) has upheld as constitutional the penal provisions for armed robbery, LSA-R.S. 14:64, which includes a sentence without benefit of parole, probation or suspension of sentence.
Therefore, we do not find the penalty range or the exclusion of the trial court's discretion to allow for probation or suspension of the sentence to be unconstitutionally excessive.
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.