733 So.2d 77 (1999)
STATE of Louisiana
v.
Lee TAYLOR.
No. 98-KA-603.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*78 Laurie A. White, New Orleans, Attorney for Appellant Lee Taylor.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Attorney of Record on Appeal, Terry M. Boudreaux, Research & Appeals, Donald A. Rowan, James F. Scott, Trial Attorneys, Assistant District Attorneys, Gretna, Attorneys for Appellee State of Louisiana.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Lee Taylor, appeals from his conviction for the illegal carrying of a weapon while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95(E) and his sentence to 10 years imprisonment at hard labor without benefit of parole, probation or suspension of *79 sentence. For the reasons which follow, we affirm.
The Kenner Police Department received information that defendant was selling powder cocaine out of a residence at 2608 Helena Street in Kenner, Louisiana. Based on this information, a controlled buy of narcotics from defendant was set up using a confidential informant. The purchase took place on April 2, 1997 in a car parked outside of 2608 Helena Street. As a result of the purchase, a "no-knock" search warrant was obtained for 2608 Helena Street.
The warrant was executed on April 3, 1997. Upon entering the residence, the police officers located defendant in the bathroom wearing only boxer shorts. The officers then asked which was defendant's bedroom. Both defendant and his mother indicated the same room. A search of defendant's bedroom using a drug detecting dog revealed cocaine hidden in a pillow from the bed. A further search of the bedroom revealed a shotgun hidden between the mattress and the box springs, a rifle leaning in the closet and a handgun on a shelf in the closet. Based on the results of the search, defendant was arrested.
On May 5, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of illegal carrying of a weapon while in possession of cocaine, in violation of La. R.S. 14:95(E), and one count of possession with the intent to distribute cocaine, in violation of La. R.S. 40:967(A).[1] Defendant was arraigned on June 20, 1997 and pled not guilty. On October 8, 1997, the trial court denied defendant's motions to suppress the evidence and identify confidential informant.
On October 29, 1997, a twelve person jury was empaneled and trial began. The jury returned a verdict of guilty as charged to La. R.S. 14:95(E) by a vote of ten to two. On December 4, 1997, defendant filed a motion for post judgment verdict of acquittal and a motion for new trial. The trial court denied these motions on December 5, 1997.
On December 8, 1997, the trial court sentenced defendant to 10 years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The defendant was given credit for time served.
On December 10, 1997, defendant filed a motion for appeal, which the trial judge granted on December 17, 1997. On December 11, 1997, defendant filed a motion to reconsider sentence, which the trial court denied on February 19, 1998.
On appeal defendant assigns five errors.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the defendant argues that he was denied his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the Louisiana Constitution of 1974, because there was insufficient evidence to support the verdict.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990), writ denied, 569 So.2d 968 (La.1990).
In the present case, defendant was convicted of possession of a firearm while in possession of a controlled dangerous substance in violation of La. R.S. 14:95(E), which provides in pertinent part that:

*80 E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence.
The Louisiana Supreme Court in examining this statute found that the term "possess" as used therein is broad enough to encompass both "actual" and "constructive" possession. State v. Sandifer, 95-2226 (La.1996), 679 So.2d 1324, 1331.
A person is in constructive possession of a thing if it is subject to his dominion and control. State v. Jackson, 97-1246 (La.App. 5th Cir. 4/13/98), 712 So.2d 934; State v. Francis, 95-194 (La. App. 5th Cir. 11/28/95), 665 So.2d 596. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. Jackson at 937; State v. Wesley, 28,941 (La.App. 2nd Cir. 12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603.[2]
The state presented evidence to show that defendant possessed a shotgun, rifle and handgun while in possession of cocaine. More specifically, the state presented evidence to prove that defendant possessed the seized firearms by proving that they were under his dominion and control by virtue of their being in his bedroom. The police officers who executed the search warrant testified that defendant and his mother both indicated that the bedroom in which the guns and drugs were found was defendant's. Additionally, at trial defendant, his mother and his sister all testified that defendant slept in the bedroom where the guns and drugs were found. There was testimony to the effect that defendant kept some of his personal belongings at the house and he received telephone calls and mail at that house. His 3 year old child also resided at the Helena address. Defendant himself testified that he slept in that bedroom between one and three nights a week and, at other times he slept at his girlfriend's house, three houses away.
Defendant sought to rebut this testimony with testimony that he only slept in the bedroom where the guns and drugs were found a few nights a week and that another individual, Shacobbe Smith, often slept in that bedroom, as did other people on occasion.
The officers testified that in executing the warrant, no one made any mention at that time of any one else occupying the bedroom referred to as defendant's.
This Court faced a similar fact situation in Jackson v. State, supra. In Jackson, the testimony at trial established that a firearm was found under the bed where the defendant slept. Based on the placement of the gun, this Court found that defendant did have easy access to the weapon. The defendant in Jackson attempted to rebut the evidence of his constructive possession of the weapon by introducing testimony that other people had recently occupied the room where the weapon was found. However, the jury in Jackson, much like the jury in the present *81 case, did not believe this testimony. This Court affirmed the conviction upon finding that, based on the evidence, the jury could have reasonably concluded that the defendant had possession of the pistol.
Applying Jackson to the present case, we find that the evidence produced by the state is sufficient for a rational trier of fact to find that defendant had constructive possession of the weapons found in the room in which he slept.
In addition to establishing that defendant possessed a firearm, the state also was required to prove that defendant was in possession of a controlled dangerous substance while in possession of the firearms. The Louisiana Supreme Court in Sandifer, supra, stated that the term "possess" as used in the statutes pertaining to the possession of drugs also includes both "actual" and "constructive" possession.
In the present case, the analysis of defendant's possession of the cocaine found in the pillow from the bed in which defendant slept is the same as the analysis of defendant's possession of the firearms. Based on our holding above, on that issue, we likewise find that sufficient evidence was produced for a rational trier of fact to determine that the defendant had constructive possession of the cocaine found hidden in the pillow of the bed in the room in which he slept.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, the defendant argues that the trial court erred when it allowed the jury to consider evidence which was not properly admitted into evidence by the court. Defendant's argument is not based on the inadmissibility of the evidence but rather the lack of a ruling in the record admitting the physical evidence offered by the state.
In the present case, the state sought to introduce State Exhibits 2 through 10 into evidence, consisting of the guns, ammunition, drugs, drug paraphernalia, and clothes. In response, the defense asked to be allowed to reserve its right to object to the evidence offered and have the argument over the objection take place at a later point out of the earshot of the jury. The trial court agreed to the defense request and did not rule on the admission of the evidence at that time. The record is void of any other argument or discussion regarding the admissibility of the evidence in question and there is no formal ruling regarding its admission into evidence.
At the outset, it must be noted that if no objection is made in the trial court, any error committed therein is not preserved for appellate review. In the instant case, the record does not show a defense objection to the admission of the state's exhibits into evidence or their use by the state during the trial. To the contrary, after laying a foundation the state used the exhibits, without objection, in presenting its case to the jury. The defense also used some of the exhibits in its case. The record indicates that both the state and the defense, as well as the trial court, acted as if the evidence had been admitted into evidence.
There are no statutory or jurisprudential rules governing the formalities required when a trial court admits evidence. Traditionally, the party wishing to introduce documentary evidence would first have the evidence marked as an exhibit and lay a foundation for admission of the evidence. The proposed evidence would next be shown to the opposing attorney and then the proponent would offer the evidence to the trial court. At this point, the opponent may object to the introduction of the proposed evidence. The trial court must then rule on the objection and admit or exclude the evidence. McCormick on Evidence, Vol. 1, Sec. 51 at 195 (4th ed.1992).
In the present case, the state followed each of the steps outlined in McCormick. The defense requested the right to raise its objections at a later time, outside of the *82 presence of the jury. No such objection appears of record. Thus, the trial court made no explicit ruling on the admissibility of the proposed evidence. However, none was necessary.
Based on the foregoing, we find that the evidence was tacitly admitted by the trial court without objection. We find no error in the jury's consideration of this evidence in reaching their verdict.
Moreover, even if this court were to weigh the remaining evidence, absent the state's exhibits, to determine if there is sufficient evidence in the record to support the conviction under Jackson v. Virginia, the evidence would be sufficient. The Kenner police officers that conducted the raid testified concerning the three firearms found in the bedroom. They also stated that they found a clear plastic bag in the pillowcase from the pillow of the bed in defendant's room that contained 20 smaller clear plastic bags, each with a white powdery substance which tested positive for cocaine. Based on the testimony, even without the actual exhibits, we find that there was sufficient evidence to support defendant's conviction.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error defendant argues that his sentence of 10 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence was excessive and in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 20 of the Louisiana Constitution of 1974. The state contends that the sentence was not constitutionally excessive, given the facts of the case.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La.1991). Once imposed, a sentence will not be set aside absent manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Carter, 96-358 (La.App. 5th Cir. 11/26/96), 685 So.2d 346. Maximum sentences are generally reserved for the most serious violations of the relevant statute and for the worst type of offenders. State v. Stucke, 419 So.2d 939 (La.1982).
In this case, defendant is a first time offender, sentenced to the maximum sentence under the statute. However, after considering the facts of this case, we do not find an abuse of the trial court's wide sentencing discretion in imposing that sentence.
The search warrant that yielded the firearms and the cocaine was based on a controlled buy of cocaine from the defendant. The defendant conducted the sale out of his mother's house which was the subject of the search warrant. There was testimony at trial that small children lived in the house where the defendant was selling the cocaine. These children included defendant's own 3 year old child. The Kenner police testified that the seized firearms were loaded and accessible to the children in the house. The drugs seized were also accessible to the children in the house. Finally, one officer testified that the defendant stated to him, during the search, that they were lucky that they had not come at night because "he would have took [sic] a couple of us out, he'd have shot two or three of us."
Based on these factors, we do not find that the sentence imposed is constitutionally excessive.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FOUR AND FIVE
By these two assignments of error defendant argues that La. R.S. 14:95(E) is both unconstitutionally vague *83 and unconstitutional as applied to him. Defendant argues that La. R.S. 14:95(E) is not intended to be a separate crime, but is instead an enhanced penalty provision for a violation of La. R.S. 14:95(A), illegal carrying of weapons. Defendant then makes the claim that because subsection (E) is not a separate offense, to treat it as such makes it impossible to determine what conduct is proscribed by law and what evidence is required to prove guilt, that is, the provision is unconstitutionally vague. Defendant further claims that the provision is also unconstitutionally vague as applied to his conduct.
This argument by defendant ignores the recent Louisiana Supreme Court decision of State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324. In Sandifer, under facts similar to those presented herein, the Louisiana Supreme Court was faced with a vagueness challenge to La. R.S. 14:95(E). The Court found that La. R.S. 14:95(E) was not unconstitutionally vague. Further, the Court in Sandifer found that La. R.S. 14:95(E) could be constitutionally applied in a case of constructive possession where the defendant was found in a car in which both firearms and drugs were present. Therefore, based on the Supreme Court's ruling in Sandifer, we find defendant's arguments, regarding the unconstitutionality of La. R.S. 14:95(E) and that it may not be constitutionally applied to his conduct, to be without merit.
This assignment of error lacks merit.

ERROR PATENT DISCUSSION
We have reviewed this case for errors patent and find that the trial court erred in failing to properly advise the defendant of the prescriptive period for post conviction relief.
La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant.
Therefore, we instruct the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See. State v. Kershaw, 94-141 (La. App. 5th Cir. 9/14/94), 643 So.2d 1289.
It is also noted that the commitment makes reference to a guilty plea. In this case, defendant was convicted by a jury on one count of illegal carrying of a weapon while in possession of cocaine. The state dismissed the count of possession with the intent to distribute cocaine contained in the bill of information. Defendant did not plead guilty. Where there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Castillo, 97-595 (La. App. 5th Cir. 11/25/97), 705 So.2d 751. Thus, the trial court is also ordered to amend the commitment to remove the reference to a guilty plea.
Accordingly, for the reasons set out above, defendant's conviction for illegal carrying of a weapon while in possession of a controlled substance and his sentence to 10 years at hard labor, without benefit of parole, probation or suspension of sentence are affirmed. The case is remanded to the district court to provide proof in the record of defendant's receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief and to amend the commitment order relative to a guilty plea.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] On December 8, 1997, the district attorney's office dismissed the possession with intent to distribute cocaine charge (Count 2) for reasons of double jeopardy.
[2] Defendant in his brief cites State v. Woods, 94-2650 (La.App. 4th Cir.1995), 654 So.2d 809, stating incorrectly that Woods is a case decided by this Court, for the proposition that possession under La. R.S. 14:95(E) must be "knowing and intentional." The Louisiana Supreme Court's more recent decision in Sandifer, supra, provides, to the contrary, that possession, as referred to in the statute, may be constructive.