756 So.2d 336 (1999)
STATE of Louisiana
v.
Gary W. BROOKS.
No. CR99-478.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1999.
Rehearing Denied April 5, 2000.
*337 Gary C. Tromblay, Houma, Earl Taylor, D.A., for State.
Edward K. Bauman, Lake Charles, for Gary W. Brooks,
Gary W. Brooks, pro se.
BEFORE: YELVERTON, THIBODEAUX and SULLIVAN, Judges.
THIBODEAUX, Judge.
The defendant, Gary W. Brooks, appeals his jury convictions and sentences for possession with the intent to distribute cocaine, La.R.S. 40:967(A)(1), possession of a firearm by a convicted felon, La.R.S. 14:95.1, and possession of a firearm while *338 in possession of marijuana, La.R.S. 14:95(E). The Defendant was billed as an habitual offender on the charge of possession with the intent to distribute cocaine pursuant to La.R.S. 15:529.1(A)(1)(a). He was sentenced as an habitual offender to serve forty-five years at hard labor, twelve years at hard labor on the possession of a firearm by a convicted felon, and ten years at hard labor for possession of a firearm while in possession of marijuana. All of these sentences were consecutive to each other and all without the benefit of probation, parole, or suspension of sentence.
We affirm.

ASSIGNMENTS OF ERROR
The Defendant asserts that the evidence was insufficient to sustain the convictions, that the chain of custody was insufficient to admit the evidence, and that the sentences were excessive. In three pro se assignments of error, the Defendant complains that he was denied effective representation, that the one word verdict form was fatally defective because it did not specify what the Defendant was guilty of, and, finally, that he was subjected to double enhancement.

FACTS
On March 29, 1998, Opelousas City Police officers received a call from the Defendant's girlfriend, Linda Andrus, who told them that the Defendant would be bringing illegal drugs to their home at 720 Planters Street. Andrus called as a confidential informant because she was afraid the Defendant would find out that she called the police. She told the police where the drugs could be found. When the police arrived, the trailer home door was open and the Defendant was seen sleeping on the sofa, ten to fifteen feet away from the refrigerator. Deputy Roy Gallow testified that a bag of marijuana was found on top of the refrigerator next to a .44 magnum gun and that a bag of cocaine was in the refrigerator. The Defendant was arrested.

ASSIGNMENT OF ERROR NO. 1:
The Defendant contends that the State did not prove beyond a reasonable doubt that he was guilty of possession of a firearm by a convicted felon or possession of a firearm while in possession of marijuana. Although his assignment is not specifically limited to these two charges, the Defendant's argument addresses only these two charges.
La.R.S. 14:95.1 defines possession of a firearm by a convicted felon, in pertinent part as follows:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony ... to possess a firearm or carry a concealed weapon.
. . . .
C. . . . .
(1) ... this Section ... shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole or suspension of sentence.
The Defendant had previously been convicted of armed robbery on January 6, 1982. At trial, the State introduced into evidence the bill of information and the minute entry for the conviction of that crime. The crime of armed robbery is specifically listed as a crime of violence in La.R.S. 14:2(13) and satisfies the requirement of this article. Thus, the Defendant is a convicted felon for the purposes of La.R.S. 14:95.1. The Defendant was released from prison on March 1, 1994. He could not legally possess a firearm until March 2004. The Defendant was arrested for possession of the firearm on March 29, 1998, well within the ten-year proscriptive period. The second element of the crime, that the Defendant possessed a firearm, is discussed below.
The Defendant was also charged with illegal carrying of weapons in violation of La.R.S. 14:95(E), which provides in part:

*339 If the offender uses, possesses, or has under his immediate control any firearm... while in possession of or during the sale or distribution of a controlled dangerous substance, ....
The Defendant does not contest his possession of the marijuana, a controlled dangerous substance, but denies possessing the firearm as required by this article.
Therefore, the only element of either offense challenged by the Defendant is whether or not he possessed the firearm. The Defendant argues that his girlfriend, Linda Andrus, did not see him put the gun on the refrigerator and that no prints were lifted from the gun. He also states that Andrus admitted that people were in and out of the trailer all day. The Defendant told investigating police that he lived at a different address and denied any knowledge of the gun. Consequently, he did not knowingly and intentionally possess the firearm, as required, for either charge.
Neither possession of a firearm by a convicted felon nor illegal carrying of weapons requires actual physical possession of a firearm upon the person of the accused; constructive possession of a firearm satisfies the possessory element. State v. Armentor, 94-745 (La.App. 3 Cir. 2/1/95); 649 So.2d 1187, writ denied, 95-0557 (La.6/30/95); 657 So.2d 1027, citing State v. Day, 410 So.2d 741 (La.1982). Constructive possession exists when the illegal object is subject to the defendant's dominion and control. State v. Johnson, 463 So.2d 778 (La.App. 4 Cir.1985).
Linda Andrus testified that before she called the police she saw the marijuana and the gun on top of the refrigerator. She said she did not see the Defendant put the gun there, but said it was not hers. She added that although people had visited them throughout the day, she did not know of anyone putting the gun and drugs on the refrigerator.
The Defendant denied to police officers ever seeing the large revolver. He could give no explanation as to how the gun ended up next to his marijuana. Officer Gallow testified that the Defendant admitted the marijuana was his to smoke. He also said Andrus had nothing to do with the drugs. In her videotaped statement to the police, Andrus said the Defendant had sold most of the marijuana that day before she notified the police to search the trailer. Opelousas Police Officer, Ronnie Trahan, Sr., testified as a narcotics expert that the amount and street value of the drugs are inconsistent with personal use, and that guns are often used by drug dealers for protection.
The Defendant's two crimes require only general criminal intent, which is present "when the circumstances indicate that the offender in the ordinary course of human experience, must have averted to the proscribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14:10(2). The State argues that it need only show that the offender was aware that a firearm was in his possession and that he had a general intent to possess the weaponthat he had a knowing or intentional possession.
The evidence shows that the Defendant left the revolver at the trailer on March 29, 1998. Ms. Andrus testified that the Defendant left the trailer that morning at about 9:30 a.m. and that she first noticed the gun on top of the refrigerator just after she got out of bed that day around 11:00 a.m. It appears the gun was on top of the refrigerator before anyone came to the trailer to visit that day. Andrus testified that the Defendant returned to the trailer around noon and that he left again later that afternoon to acquire the drugs. Although Andrus did not see the Defendant with actual physical possession of the gun, she noticed it again on top of the refrigerator when he returned later that afternoon with the drugs.
Guilty knowledge is an essential element in proving constructive possession and may be inferred from the circumstances. State v. Converse, 529 So.2d 459 *340 (La.App. 1 Cir.), writ denied, 533 So.2d 355 (La.1988); State v. Jones, 551 So.2d 18 (La.App. 4 Cir.1989). The State presented uncontroverted evidence that once the Defendant discovered it was his girlfriend who called the police about the illegal drugs, he viciously attacked and beat her. During the beating, the Defendant told Andrus that "You called them laws on me and you know all my business. You know everything about me." The State argued that the beating was in retaliation and was a circumstance from which the jury could safely infer guilty knowledge on behalf of the Defendant.
In short, the direct and circumstantial evidence presented was sufficient to support every essential element of the offense and to exclude any reasonable hypothesis of innocence. The standard of review for sufficiency of the evidence is whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying this standard, we conclude that the evidence introduced at trial was sufficient to support the guilty verdicts for possession of a firearm by a convicted felon and possession of a firearm while in possession of marijuana.

ASSIGNMENT OF ERROR NO. 2:
The Defendant contends the trial court erred in admitting evidence without having the State establish a sufficient chain of custody. At trial, defense counsel objected to the introduction of the marijuana and cocaine seized from the Planters Street home.
In State v. Smith, 463 So.2d 1003 (La. App. 3 Cir.), writ denied, 466 So.2d 1301 (La.1985), this court considered a chain of custody objection:
The Louisiana Supreme Court in State v. Godeaux, 378 So.2d 941 (La. 1980), in examining the requirements set forth for the admissibility of demonstrative evidence, stated:
To admit demonstrative evidence at trial the law requires that the object be identified. The identification can be visual, that is by testimony at trial that the object is related to the case. It can also be identified by chain of custody, that is by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized by the officer. State v. Guzman, 362 So.2d 744 (La.1978).
Id. at 1005.
It is not required that evidence presented establish beyond a reasonable doubt that the matter tested and reported was connected with the instant case. If connexity can be shown by a preponderance of the evidence, the matter is appropriately submitted to the jury. The weight of the evidence is a factual issue for the jury's determination. State v. Hill, 332 So.2d 475 (La.1976). This circuit has held that visual identification is sufficient in a narcotics case. State v. Green, 96-208 (La.App. 3 Cir.11/6/96); 683 So.2d 1292; writ denied, 96-2892 (La.6/13/97); 695 So.2d 963.
Kevin Ardoin, a forensic expert with the Acadiana Crime Lab, also identified the drugs. After reviewing the evidence, including Officer Gallow's and Kevin Ardoin's in-court identification of Exhibits S-3 and S-4 as the drugs seized and tested in regard to this case, the trial court properly admitted the evidence. The illegal drugs and their packaging were positively identified at trial and the court properly ruled on these objections by allowing admission of the evidence.

*341 ASSIGNMENT OF ERROR NO. 3:
The Defendant asserts the sentences imposed by the trial court were constitutionally excessive and not in conformity with La.Code Crim.P. art. 894.1. However, the Defendant's Motion to Reconsider Sentence gives no particularized reasons for reconsideration. The motion only includes the statement: "Mover suggests that circumstances surrounding his arrest, gives cause for reconsideration of his sentence." The Defendant's attorney made no oral motion to reconsider at sentencing. Pursuant to La.Code Crim.P. art. 881.1(D), the Defendant cannot now raise an argument about conformity with Article 894.1 on appeal and is relegated to the bare constitutional excessiveness claim. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.
The trial court sentenced the Defendant as a habitual offender to serve forty-five years at hard labor without benefit of probation or suspension of sentence for possession with intent to distribute cocaine. La.R.S. 40:967(B)(4)(b) mandates a sentencing range of not less than five years nor more than thirty years at hard labor. The habitual offender sentencing provision in La.R.S. 15:529.1(A)(2)(a) requires a sentence of not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. In this case, the Defendant was exposed to twice the thirty-year sentencesixty yearsbut received only forty-five years.
For possession of a firearm by a convicted felon, the court sentenced the Defendant to twelve years at hard labor without benefit of parole, probation, or suspension of sentence. The penalty range in La.R.S. 14:95.1 is imprisonment at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole or suspension of sentence.
For possession of a firearm while in possession of marijuana, the Defendant was sentenced to ten years at hard labor without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:95(E) requires the offender be imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole or suspension of sentence. On this count, the Defendant received the maximum imprisonment sentence.
These three sentences were ordered to run consecutively to each other and any other sentences. This would result in total sentences of sixty-seven years.
At the sentencing hearing, the trial judge stated that he had reviewed the presentence investigation report and the Defendant's misdemeanor and felony convictions. The PSI report shows the Defendant's prior criminal history consisting of over thirty-five different charges, mostly misdemeanors, albeit not all of them convictions. It should be noted that the PSI report utilized in this case was prepared in the Defendant's other St. Landry Parish case bearing docket number 96-K-1940. In the written reasons for sentencing, the trial judge stated that the Defendant's extensive criminal history, "which is marred with crimes of violence against others," mandates that the public be protected by the imposition of consecutive sentences in this case.
The Defendant's sentences are not grossly disproportionate to the severity of the crimes so as to shock our sense of justice, and the sentences make a measurable contribution to acceptable penal goals and are not a needless imposition of pain and suffering. The Defendant's sentences are not excessive.

ASSIGNMENTS OF ERROR NOS. 4-6:
The Defendant contends he was denied effective assistance of counsel for several reasons. He claims his trial attorney did not object to the State's joinder of offenses for trial, the "one-word" jury verdict response, the habitual offender adjudication, and the sentences imposed. There is no error in the verdict or the habitual offender adjudication; therefore, trial counsel did not err by failing to object. *342 The fact that the trial counsel did not object to the sentences imposed does not constitute ineffective assistance of counsel because the sentences are being upheld. Further, trial counsel filed a Motion for Post-Verdict Judgment of Acquittal and a Motion to Reconsider Sentence.
The Defendant also claims that trial counsel did not object to the State's joinder of offenses for trial, and that the judge ordered the charges severed but trial was had without the severance. He is clearly mistaken. The Defendant was charged by bill of information filed August 28, 1998, with the offenses for which he was convicted. These offenses were committed on March 29, 1998. The Defendant was given notice by the State that a severed count IV, based upon a December 1997 offense and filed in an amended bill of information would then be utilized as 404(b) evidence in this case. Thereafter, trial began on November 20, 1998, on the three charges Defendant stands convicted of. It can clearly be determined from the record that the offenses were properly joined by the trial court for trial and that there was no need for the defense counsel to object to anything in this regard. Therefore, there is no basis for the claim of ineffective assistance of counsel.

PRO SE ASSIGNMENT OF ERROR NO. 5:
The Defendant argues the jury's verdict was defective because the verdict form contained the one-word verdict response "guilty" and failed to specifically state what crime he was found guilty of. However, a review of the verdict form shows the jury foreman wrote the word "guilty" underneath each of the headings for Count I, Count II, and Count III on page two of the form. The three counts are specified on the previous page of the verdict form. La.Code Crim.P. art. 815 lists the correct format for responsive verdicts including: guilty, guilty of a lesser included offense, and not guilty. No further specification is required by law. La. Code Crim.P. art. 810. The verdict form in this case is correct. This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 6:
In this assignment of error the Defendant claims that he was illegally subjected to "double enhancement." He explained that the State used his prior conviction for armed robbery as the same underlying felony offense to charge him as a multiple offender in the instant case and in another case tried a month earlier on unrelated crimes. At the Defendant's sentencing hearing on December 23, 1998, he did not object to the introduction of evidence proving his previous armed robbery conviction. The trial court then found him to be a habitual offender and sentenced him. The habitual offender statute forbids a defendant from attacking his sentence if his challenge to a previous conviction is not made before the sentence is imposed. La. R.S. 15:529.1(D)(1)(b). However, since the Defendant also raises an ineffective assistance of counsel claim specifically because his attorney did not object to this evidence, we have considered this assignment of error.
The Defendant was convicted of the following crimes: armed robbery in 1982; attempted possession of cocaine and simple escape in September 1998; and possession of cocaine with the intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm while in possession of marijuana in November of 1998. At the December 23, 1998 sentencing hearing, the trial judge sentenced the Defendant on the two September 1998 convictions and on the three convictions which are the subject of this appeal. The trial judge relied upon the same underlying offense, the Defendant's armed robbery conviction, to adjudicate him a habitual offender for the separate September 1998 attempted possession of cocaine charge, and in the instant case, for the possession of cocaine with intent to *343 distribute charge. It is the use of the same underlying conviction that the Defendant argues is "double enhancement." This is not a case of "double enhancement" as explained in the cases cited by Defendant. For example, in State v. Moten, 619 So.2d 683 (La.App. 4 Cir.1993), the court held that if a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement. Moten is wholly inapplicable to the Defendant's case, as his conviction of possession of a firearm by a convicted felon was not enhanced. Additionally, the Defendant was charged with possession of a firearm by a convicted felon based upon a 1982 armed robbery conviction. Further, there is no statutory bar for applying the habitual offender statute in sentencing for more than one conviction. Where an offender with a prior felony conviction subsequently commits multiple separate felonies and is thereafter convicted of the subsequent felonies, he is subject to being adjudicated a habitual offender as to each conviction. State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991).
Therefore, for the reasons set forth above, this assignment of error is also without merit.

CONCLUSION
For the foregoing reasons, we affirm the convictions and sentences of the Defendant.
AFFIRMED.